UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELILAH E., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 23 CV 17180 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Delilah E. appeals the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse and remand the Commissioner's decision [10] is denied, the Commissioner's motion for summary judgment [13, 14] is granted, and the denial of benefits is affirmed.[1]

**Background**

In July 2021, plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of September 9, 2020. [9-1] 15. The claim was denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ). [*Id.*] 15–26. The Appeals Council denied review in November 2023, *see* [*id.*] 1–6, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff has appealed to this Court, and the Court has subject-matter jurisdiction under 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. [9-1] 17. At step two, the ALJ determined that plaintiff had the following severe impairments: adhesive capsulitis and rotator cuff tear of the left shoulder; degenerative disc disease of the lumbar and cervical spine; and systemic lupus erythematosus. [*Id.*] 17–18. At step three, the ALJ concluded that plaintiff's

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [9-1], [9-2], which refer to the page numbers in the bottom right corner of each page.
[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [6].

impairments did not meet or equal the severity of a listed impairment. [*Id.*] 18. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform light work, except that plaintiff: (1) could only lift and carry 20 pounds occasionally and 10 pounds frequently and push and pull the same; (2) could sit six hours in an eight-hour workday; (3) could stand and/or walk six hours out of an eight-hour workday; (4) could occasionally reach overhead with the left upper extremity and, for all other reaching, could reach frequently with the left upper extremity; (5) could occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (6) could occasionally work with and around moving mechanical parts; and (7) could never work at unprotected heights [*Id.*] 18–24. At step four, the ALJ held that plaintiff could perform her past relevant work as a security guard. [*Id.*] 24–26. Accordingly, the ALJ concluded that plaintiff was not disabled. [*Id.*] 26.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (citation modified).

## Discussion

Plaintiff argues that the denial of benefits should be reversed because the ALJ (1) did not obtain an updated medical opinion regarding if plaintiff's impairments met or equaled Listing 14.02, and (2) failed to ground his residual function capacity determination in a medical opinion. *See* [10] 5–9. The Court rejects both arguments.

### A. The ALJ did not need to obtain an updated medical opinion

Plaintiff argues that the ALJ should have obtained an updated state agency physical review and medical opinion because, after the last state agency review, a rheumatologist submitted his opinion that plaintiff's impairments met or equaled Listing 14.02. [10] 7; [9-1] 499. Plaintiff contends that this rheumatologist's opinion could reasonably have changed a state agency physician's findings. [10] 7. Listing 14.02 concerns individuals whose experience with systemic lupus erythematosus ("SLE") meets or exceeds specified levels of severity. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.02; [9-1] 499.

2

Plaintiff's last state agency physical review was conducted by Dr. Reddy, an anesthesiologist, on 08/23/2022. [9-1] 79. Dr. Reddy determined that plaintiff's condition did not meet or equal the requirements for Listing 14.02.[3] [9-1] 75. On 09/21/2022, a rheumatologist, Dr. Asfar, submitted his opinion that plaintiff's impairments, singly or in combination, met or equaled Listing 14.02. [10] 7; [9-1] 499. In the section of the form asking Dr. Asfar to explain how he came to his conclusion, he wrote "lupus diagnosis is based on (positive ANA, positive dsDNA, malar rash, joint pain)" [9-1] 499. Dr. Asfar did not explain which of the Listing 14.02 requirements, other than an SLE diagnosis, plaintiff met. [*Id*.]. On 11/17/2022, plaintiff's treating rheumatologist, Dr. Kambhatla, wrote in plaintiff's treatment notes that, regarding systemic lupus erythematosus: "[u]clear if she even has this clinical diagnosis. . . . [N]o strong clinical suspicion for SLE at this time." [*Id*.] at 725–726. After another visit on 03/16/2023, Dr. Kambhatla wrote regarding SLE, the plaintiff was "[d]iagnosed in the past based on strongly positive Abs for ANA, ds-DNA, chromatin, SSa, Raynauds's. Her current symptoms are not s/o [symptoms of] active SLE however[.]" [*Id*.] at 770.

Under "applicable regulations and Seventh Circuit case law, it is within the ALJ's discretion to consult a medical expert when the evidence received is inadequate to determine whether the claimant is disabled." *Marnie M. v. O'Malley*, No. 20 CV 7511, 2024 WL 3650212, at *2 (N.D. Ill. Aug. 5, 2024) (citation modified). "[T]he reviewing court defers to the ALJ on the question of how much evidence must be gathered" because "the practical reality is that no record is complete–one may always obtain another medical examination, seek the views of one more consultant, wait six months to see whether the claimant's condition changes, and so on." *Bertaud v. O'Malley*, 88 F.4th 1242, 1245 (7th Cir. 2023) (citation modified).

In deciding how persuasive a given medical opinion or finding is, the ALJ considers "supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict" the opinion or finding. *Victor F. v. Kijakazi*, No. 22 C 1451, 2023 WL 2429357, at *3 (N.D. Ill. Mar. 9, 2023). "Supportability and consistency are the two most important factors." *Id*. "An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors." *Id*. "In considering the supportability and consistency of a medical opinion," moreover, the ALJ "need only minimally articulate her reasoning for the persuasiveness of the medical opinion." *Lisa L. v. O'Malley*, No. 20-CV-50395, 2024 WL 1013977, at *2 (N.D. Ill. Mar. 8, 2024) (citation modified).

---

[3] Plaintiff further argues that "logic requires giving greater weight to the opinion of a rheumatologist about a rheumatological disorder than the opinion of an anesthesiologist." [10] 6. However, as discussed in this order, the ALJ also relied on the opinion of plaintiff's treating rheumatologist to determine that plaintiff's condition did not meet or equal the requirements for Listing 14.02.

3

To determine the supportability of a medical opinion, the ALJ should look at the explanation provided to justify the opinion. *Bakke v. Kijakazi*, 62 F.4th 1061, 1068 (7th Cir. 2023). To analyze consistency, the ALJ should consider if a particular medical opinion is consistent with the record. *Id.* at 1067. "Medical opinions may be discounted if they are inconsistent with the record as a whole." *Chambers v. Saul*, 861 F. App'x 95, 101 (7th Cir. 2021).

In this case, the ALJ properly used his discretion to decide that the record contained sufficient medical evidence to determine that plaintiff did not meet the listing criteria for 14.02. It is true that plaintiff's last state agency physical review was conducted before Dr. Asfar issued his opinion. However, the ALJ did not ignore Dr. Asfar's opinion or improperly "play doctor and interpret new and potentially decisive medical evidence without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (citation modified). Rather, the ALJ reviewed Dr. Asfar's opinion and explained why, after considering its supportability and consistency, he found it unpersuasive. [9-1] 23. First, the ALJ noted that Dr. Asfar did not support his opinion with any explanation of how plaintiff functionally met the requirements for Listing 14.02 beyond "positive ANA, positive dsDNA, malar rash, joint pain[.]" [*Id.*] at 23, 499. Next, the ALJ identified that Dr. Asfar's opinion was not consistent with the portions of the record from plaintiff's treating rheumatologist, Dr. Kambhatla. [*Id.*] at 23. Dr. Kambhatla's notes, from exams that took place after Dr. Asfar delivered his opinion, claimed that it was unclear if the claimant even has systemic lupus erythematosus. [*Id.*] at 23, 725–726.

In summary, the ALJ's opinion sufficiently explains why, after weighing its supportability and consistency, he did not find Dr. Asfar's opinion persuasive. Because the ALJ logically explained why he found Dr. Asfar's opinion unpersuasive, the Court cannot say that the information "changed the picture so much that the ALJ was required to seek an updated opinion to account for it." *Baptist v. Kijakazi,* 74 F.4th 437, 443 (7th Cir. 2023).

For these reasons, the Court rejects plaintiff's first ground for remand.

### B. The ALJ properly grounded plaintiff's RFC in a medical opinion

As part of the RFC determination, the ALJ found that plaintiff could "occasionally reach overhead with the left upper extremity and for all other reaching[] . . . can reach frequently with the left upper extremity." [9-1] 18. The last state agency review, signed on 08/23/2022 by Dr. Reddy, determined that plaintiff could only use her left hand to reach in all directions "occasionally." [9-1] 77. Plaintiff claims that this inconsistency between the ALJ's RFC determination and the state agency review's findings means that the ALJ's determination was not supported by substantial evidence. [10] 9. The Court disagrees.

4

The fact that an ALJ's RFC determination does not exactly match a medical opinion is not grounds for remand. *See Marva S. v. O'Malley*, No. 21 CV 5922, 2025 WL 27490, at *5 (N.D. Ill. Jan. 3, 2025) ("The ALJ is not required to support her RFC determination with a specific medical opinion[.]"). The ALJ only commits reversible error when his RFC determination is "untethered to any record evidence." *Timothy L. v. Dudek*, No. 22 CV 6799, 2025 WL 1371440, at *2 (N.D. Ill. May 12, 2025) (citation modified).

In this instance, the ALJ relied on substantial record evidence to support his conclusion that plaintiff could reach frequently, in all directions other than overhead, with the left upper extremity. [9-1] 18. In determining plaintiff's RFC, the ALJ considered Dr. Reddy's opinion regarding the range of motion in plaintiff's left shoulder, but found it only "somewhat persuasive[.]" [*Id.*] at 23. The ALJ noted that Dr. Reddy did not have the benefit of reviewing subsequently submitted evidence regarding plaintiff's improved range of motion in her left arm. [*Id.*] This evidence includes plaintiff's reports to her physical therapist that, since beginning physical therapy, her shoulders felt "50 % better and still has the most difficulty with lifting/overhead activities[,]" [9-1] 527, and her left arm "continues to hurt but feels stronger[.]" [9-1] 541.

For these reasons, the Court rejects plaintiff's second ground for remand.

## Conclusion

Plaintiff's motion to reverse and remand [10] is denied, the Commissioner's motion for summary judgment [13, 14] is granted, and the denial of benefits is affirmed.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: December 17, 2025**